*E-FILED 11/27/2007*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA SANCHEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>SUZETTE Z. TORRES, FIRST AMERICAN TITLE, JANE E. BEDNAR, NAM NGUYEN, HOMECOMINGS FINANCIAL NETWORK, CITIMORTGAGE, INC., JEFFERY H. LOWENTHAL, BRYAN M. KRAFT, ANGELO PAUL RUSSO, SUPERIOR COURT, HON. ROBERT O'FARRELL, ANDY PHAM, CHICAGO TITLE, LEANNA PETERSEN, EXECUTIVE TRUSTEE SERVICES LLC,<br><br>    Defendants.<br>_____/ | No. C07-04174 HRL<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Re: Docket No. 12] |

This matter is before the court on the "Ex Parte Application for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunctive Relief" filed by pro se plaintiff Christina Sanchez. Having read and considered the papers filed, the court finds this matter appropriate for disposition without a hearing. For the reasons stated below, plaintiff's application for a temporary restraining order is denied.[1]

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties who have appeared in this action have expressly consented that all proceedings may be heard and finally adjudicated by the undersigned.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 65 authorizes a court to enter a preliminary injunction or temporary restraining order ("TRO"). The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *See Brown Jordan International, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F.Supp.2d 1152, 1154 (D.Hawai'i 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D.Cal.1995). Under the traditional test for granting preliminary injunctive relief, the applicant must demonstrate (1) a likelihood of success on the merits; (2) a significant threat of irreparable injury; (3) that the balance of hardships favors the applicant; and (4) whether any public interest favors granting an injunction. *See Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transportation Co., Inc.*, 367 F.3d 1108, 111 (9th Cir. 2004). In the Ninth Circuit, "[t]he moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in favor of the moving party." *Stulbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839-40 (9th Cir. 2001). "'These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006) (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)).

A preliminary injunction will not be issued without security by the applicant pursuant to Federal Rule of Civil Procedure 65(c), although the court has wide discretion in setting the amount of a bond, and the bond may be zero if there is no evidence that the party will suffer damages from the injunction. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003). In addition, this district's local rules require an ex parte motion for TRO to be accompanied by (1) a copy of the complaint; (2) a separate memorandum of points and authorities; (3) the proposed temporary restraining order; and (4) such other documents in support of the motion that the applicant wishes the court to consider. Civ. L.R. 65-1(a).

A TRO may be granted without notice to the adverse party "only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." FED.R.CIV.P. 65(b).  Moreover, in this district, an applicant for TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown." CIV. L.R. 65-1(b).

## ANALYSIS

Plaintiff filed this action on August 14, 2007, alleging that defendants violated her civil rights and wrongfully caused her to lose title to the real property at 834 Tumbleweed Drive in Salinas, California. She filed a First Amended Complaint ("FAC") on November 19, 2007. Plaintiff claims to hold title to the property along with an individual named Andrew Corson. The crux of her complaint concerns an order issued by the California Superior Court in Monterey County, quieting title in favor of Nam Nguyen. She seems to contend that the state court judge (and all others who had any involvement in the underlying action to quiet title) violated her rights because the state court's judgment was issued despite a stay of proceedings as to Corson, who had filed for bankruptcy.

Plaintiff now seeks an order enjoining Executive Trustee Services LLC ("Executive Trustee"), as well as its agents, employees and all persons acting in concert with them, "from issuing or recording a Trustee's Deed Upon Sale based on the November 30, 2007 purported trustee's sale" of the property. Executive Trustee has not yet appeared in this action; and, the court's docket indicates that Executive Trustee has never been served with any of plaintiff's complaints and summons.[2]

---

[2] Unserved defendants are not deemed to be "parties" to the action within the rules requiring consent to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (concluding that magistrate judge had jurisdiction to dismiss a prison inmate's action under 42 U.S.C. § 1983 as frivolous without the defendants' consent because they had not been served and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that the magistrate judge had

3

United States District Court
For the Northern District of California

1    This court finds plaintiff's TRO application to be deficient for several reasons.
2 Generally, an ex parte TRO may be issued only in certain circumstances. *See Granny Goose*
3 *Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439
4 (1974) ("[O]ur entire jurisprudence runs counter to the notion of court action taken before
5 reasonable notice and an opportunity to be heard has been granted both sides of a dispute.").  In
6 this case, the record suggests that plaintiff filed the instant application in a manner designed to
7 give the adverse parties no reasonable notice.  Plaintiff evidently was given notice of the
8 impending trustee's sale on November 5, 2007 (*see* TRO Application, Ex. A), but it was not
9 until nearly two weeks later, on November 13, 2007, that she amended her complaint to add
10 Executive Trustee (and others) as a defendant.  At the case management conference on
11 November 20, 2007, plaintiff said nothing about her interest in a TRO, then proceeded to file
12 the instant application the next day, the eve of the Thanksgiving holiday.  Plaintiff attests that
13 notice of the instant application was given to defendants by fax and mail on November 20,
14 2007, but her own proof of service indicates that defendants were served only by mail.

15    Moreover, in her supporting declaration, plaintiff falsely indicates that this court pre-
16 approved an expedited November 27, 2007 hearing on her TRO application.  That is not the
17 case.  Plaintiff was told that, unless otherwise ordered and for good cause shown, motions are
18 heard on 35-days notice on Tuesdays at 10:00 a.m.

19    Even if the court were to overlook plaintiff's procedural missteps, based on the record
20 presented, it does not find that she has demonstrated a likelihood of success on the merits.  She
21 has failed to explain – except in the most conclusory fashion – why she is entitled to injunctive
22 relief.  Her supporting memorandum of points and authorities consists of a half-page of quotes
23 from various California state cases concerning forged deeds.  However, she does not explain
24 how these authorities pertain to her claims.

---

26 jurisdiction to enter default judgment in an *in rem* forfeiture action even though the property
   owner had not consented because the property owner failed to comply with applicable filing
27 requirements and was not a party from whom consent was required).

28     Notably, plaintiff has not served the summons and complaint upon *any* of the
   fifteen defendants.  Those defendants who have appeared did so voluntarily after learning of
   the existence of the suit, apparently through routine monitoring of court filings.

4

Nor is the basis for plaintiff's claims clear. This court has made considerable effort to parce through the jumble of allegations in her pleadings, which present a murky mystery. The FAC, the current operative pleading,[3] purports to seek redress for violation of her civil rights under 42 U.S.C. § 1983 (the only apparent basis for this court's subject matter jurisdiction), as well as for fraud, slander, malpractice, conversion and intentional infliction of emotional distress. Plaintiff has named as defendants a host of entities and individuals – including private companies and the state court judge himself – who purportedly had some association with the subject property in the underlying state court action to quiet title. The FAC further alleges that an individual named Angelo Russo worked for Webactive (a company that plaintiff says she owns) and engaged in (unspecified) fraudulent activities which may, possibly, be the root of the problem. Plaintiff's interest in Webactive is perhaps the basis for her claim to the subject property. However, it is not clear who did what to whom, when, and what, if any, constitutional violation resulted. Indeed, at the November 20th case management conference, plaintiff indicated that she was relying upon this court sort out her claims and advise who, if anyone, could be sued here.[4]

The several defendants who have appeared in this action contend that the instant lawsuit is merely an impermissible collateral attack on the state court's judgment. They may be correct. They have, in connection with a separate motion, submitted documents from the underlying action to quiet title. Those papers indicate that the state court quieted title in favor of Nam Nguyen and against Webactive, finding that a deed of trust from someone named Thanh Van Chu to Webactive to be void. Although plaintiff touts the bankruptcy stay as to Corson as evidence that the state court acted wrongfully in allowing the quiet title case to go forward, the

---

[3] On November 19, 2007, plaintiff submitted a Second Amended Complaint. However, she did so without leave of the court or all defendants' written consent. *See* FED.R.CIV.P. 15(a). Accordingly, it is not deemed effective.

[4] Although it remains to be seen how the evidence will develop, the FAC indicates that someone named Andy Pham (one of the defendants here) agreed to assist plaintiff in obtaining loans for the property by having Nam Nguyen hold title in trust for a fee. It further alleges that plaintiff paid Pham a commission, but Pham and Nguyen refused to return title to the property. (*See* FAC ¶¶ 21-23). Was this the seed that ultimately spawned the controversy over dueling trust deeds and claimed forgeries?

5

1 state court papers indicate that neither plaintiff nor Corson were parties to the action to quiet
2 title. (Russo, Webactive, MTC Financial, Inc. and GISL Funding apparently were the only
3 defendants). Moreover, plaintiff and Corson's motions to intervene were denied by the state
4 court, and the appeal of that order was dismissed for failure to pay the requisite filing fee.

5       Further, not only is her theory of liability mostly undecipherable, but plaintiff has not
6 presented anything that this court would consider compelling evidence to support her TRO
7 application. Plaintiff's own declaration says that she owns the property. There is no foundation
8 for that assertion. Corson's declaration says he never notarized Nam Nguyen's or Thanh Van
9 Chu's signatures, although the significance of this fact is not explained. Corson also says that
10 to his "best knowledge," plaintiff owns the subject property, but that is not an assertion of a fact
11 and has no foundation. That is the sum total of plaintiff's "evidence."

12       Although plaintiff also seeks money damages, the record before this court indicates that
13 the thrust of the instant lawsuit is to regain title to the subject property. However, insofar as
14 plaintiff seeks to have this court overturn the state court's decision, it is not clear what authority
15 (if any) this court has to do so. This court does not now pass final judgment on plaintiff's
16 allegations. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1423 (9th Cir.
17 1984) (stating that a preliminary injunction "is not a preliminary adjudication on the ultimate
18 merits."). Nevertheless, that the state court has found the deed of trust to Webactive to be void
19 strongly suggests that plaintiff does not have a reasonable chance of prevailing on her claims.
20 This court is not prepared to say that she has shown a likelihood of success on the merits.

21 **ORDER**

22       For the foregoing reasons, IT IS ORDERED THAT plaintiff's ex parte application for
23 TRO is DENIED.

24 Dated: November 27, 2007

26 HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  **5:07-cv-4174 Notice electronically mailed to**:

2  Citimortgage, Inc. jlowenthal@steyerlaw.com

3  Jessica Carolyn Grannis jgrannis@steyerlaw.com

4  Edward Egan Smith esmith@steyerlaw.com

6  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

8  **5:07-cv-4174 Notice mailed to:**

9  Christina Sanchez
834 Tumbleweed Drive
10  Salinas, CA 93905

11      Pro Se Plaintiff