*E-FILED 4/10/2008*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA SANCHEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>SUZETTE Z. TORRES, FIRST AMERICAN TITLE, JANE E. BEDNAR, NAM NGUYEN, HOMECOMINGS FINANCIAL NETWORK, CITIMORTGAGE, INC., JEFFERY H. LOWENTHAL, BRYAN M. KRAFT, ANGELO PAUL RUSSO, SUPERIOR COURT, HON. ROBERT O'FARRELL, ANDY PHAM, CHICAGO TITLE, LEANNA PETERSEN, EXECUTIVE TRUSTEE SERVICES LLC,<br><br>    Defendants.<br>_____/ | No. C07-04174 HRL<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; (2) WARNING RE PLAINTIFF'S FAILURE TO PROSECUTE; AND (3) RE-SETTING CASE MANAGEMENT CONFERENCE**<br><br>[Re:  Docket No. 15] |

    Presently before the court is the "Motion to Dismiss Plaintiff's First Amended Complaint" filed by defendants Suzette Torres, First American Title Insurance Co., Nam Nguyen, Homecomings Financial Network, Inc., Citimortgage, Inc., Jeffrey H. Lowenthal and Bryan Kreft.[1] The docket shows that the motion was duly noticed and served on plaintiff at her address of record. However, she did not file any response. Nor did she appear at the

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties who have appeared in this action have expressly consented that all proceedings may be heard and finally adjudicated by the undersigned. Those defendants who have not been served are not deemed to be "parties" to the action within the rules requiring consent to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995); *see also United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998).

United States District Court
For the Northern District of California

1  February 5, 2008 motion hearing.  Upon consideration of the papers submitted, as well as the
2  arguments of counsel, the court grants defendants' motion to dismiss in part and denies the
3  motion in part.  Additionally, as discussed more fully below, **plaintiff is warned that she is in**
4  **danger of having her lawsuit dismissed for failure to prosecute**.

## I.  BACKGROUND

Plaintiff filed this action on August 14, 2007, alleging that defendants violated her civil rights and wrongfully caused her to lose title to the real property at 834 Tumbleweed Drive in Salinas, California.  She claims to hold title to the property along with an individual named Andrew Corson.  The crux of her complaint concerns an underlying state court action in which the Monterey County Superior Court granted summary judgment and quieted title in favor of an individual named Nam Nguyen (one of the named defendants here).  Plaintiff seems to contend that the state court judge (and all others who had any involvement in the state lawsuit) violated her rights because the state court's judgment was issued despite a stay of proceedings as to Corson, who reportedly filed for bankruptcy just two days before the hearing on Nguyen's summary judgment motion.

Plaintiff filed a First Amended Complaint ("FAC") on November 13, 2007.  Then, about a week later, on November 19, 2007, she tried to file a Second Amended Complaint.  However, she did not have leave of court (or consent of the defendants) to do so.  *See* Fed.R.Civ.P. 15(a)).  Thus, the FAC remains the operative pleading.  Instead of setting out each claim separately in the complaint, plaintiff merely listed in the caption of her FAC those claims which she apparently intends to assert – that is, federal claims for violation of her civil rights (42 U.S.C. § 1983), conspiracy to interfere with civil rights (42 U.S.C. § 1985) and violation of 11 U.S.C. § 362, as well as state law claims for fraud, slander, malpractice, conversion, and intentional infliction of emotional distress.

On November 21, 2007, plaintiff filed a motion for a temporary restraining order to prevent Executive Trustee Services from proceeding with a trustee's sale which reportedly was set for November 30, 2007.  That motion was denied.

On November 28, 2007, plaintiff filed a notice advising that she had filed for bankruptcy in this district. (*See* Docket No. 14). The bankruptcy court dismissed that action two weeks later. (*See* Docket No. 16). This court is informed that plaintiff subsequently filed a second bankruptcy petition which has also been dismissed. Since then, plaintiff has filed a third bankruptcy petition. This court is informed that a motion to dismiss that proceeding is pending.[2]

The defendants who have appeared in this action now move to dismiss the FAC on two grounds. They contend that this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. Alternatively, they argue that the FAC fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

## II.  DISCUSSION

**A.      Motion to Dismiss for Lack of Subject Matter Jurisdiction (Fed.R.Civ.P. 12(b)(1))**

Defendants contend that the instant action merely is a collateral attack on the state court's judgment. As such, they argue that, under the *Rooker-Feldman* doctrine, this court has no jurisdiction over plaintiff's claims.

The *Rooker-Feldman* doctrine takes its name from the two Supreme Court cases upon which it is based. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). Under this doctrine, and with certain exceptions[3] inapplicable

---

[2] Although plaintiff has filed for bankruptcy, the automatic stay under 11 U.S.C. Section 362 does not apply to actions initiated by a debtor. *See Martin-Trigona v. Champion Fed. Sav. & Loan Assoc.*, 892 F.2d 575, 577 (7th Cir. 1989) ("For in any event the automatic stay is inapplicable to suits *by* the bankrupt ('debtor' as he is now called).");  *see also White v. City of Santee*, 186 B.R. 700, 704 (9th Cir. 1995) ("The trustee or debtor in possession is not prevented by the automatic stay from prosecuting or appearing in an action which the debtor has initiated and that is pending at the time of bankruptcy."); *In re Merrick*, 175 B.R. 333, 336 (9th Cir. 1994) ("[W]e could find no case that supports the proposition that the automatic stay prevents a defendant from continuing to defend against a pre-bankruptcy lawsuit. To the contrary, there is substantial authority that the stay is inapplicable to postpetition defensive action in a prepetition suit brought by the debtor."). This court is unaware of any information suggesting that it should not proceed to rule on defendants' pending motion to dismiss.

[3] There are two statutory exceptions to *Rooker-Feldman*: "First a federal district court has original jurisdiction to entertain petitions for habeas corpus brought by state prisoners who claim that the state court has made an error of federal law. 28 U.S.C. § 2254. Second a federal bankruptcy court has original jurisdiction under which it is empowered to

3

here, "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). A federal district court does have jurisdiction over general constitutional challenges. However, "[a] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal." *Id.* at 1158. "As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id*.

Nevertheless, the *Rooker-Feldman* doctrine does not apply to a federal action filed by a non-party to the state court suit. *Johnson v. De Grandy*, 512 U.S. 997, 1006 (1994); *Noel*, 341 F.3d at 1159. In the instant case, plaintiff was not a party to the underlying state court action to quiet title. As such, the *Rooker-Feldman* doctrine does not apply; and, defendants' motion to dismiss cannot be granted on this ground.

**B.     Motion to Dismiss for Failure to State a Claim (Fed.R.Civ.P. 12(b)(6))**

Defendants nonetheless maintain that they are not proper defendants and that the FAC fails to state a claim for relief in any event. This court agrees.

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *See id.* at 699. "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

---

avoid state judgments." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003) (citations omitted). Neither exception applies here.

4

1 cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)
2 (citations omitted). "Factual allegations must be enough to raise a right to relief above the
3 speculative level on the assumption that all the allegations in the complaint are true (even if
4 doubtful in fact)." *Id*. (citations omitted). Documents which properly are the subject of judicial
5 notice may be considered along with the complaint when deciding a motion for failure to state a
6 claim. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

**1. Defendants' Request for Judicial Notice**

Defendants request judicial notice of papers and orders filed in the state court action to quiet title as well as in the bankruptcy court. The court properly may take notice of such records, *see* Fed.R.Evid. 201(b), and defendants' request is granted. The court takes notice of these records, not as to the truth of the contents or any party's assertion as to what the contents mean, but rather as to the existence and authenticity of the documents, what has been represented, what has been decided and the status of certain proceedings at a given time as reflected in the documents.

**2. 42 U.S.C. § 1983**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987).

Here, plaintiff does not identify what constitutional right, if any, has been violated. In any event, based on the current pleading, it is not apparent that any of the named defendants properly can be sued under section 1983.

### a.     **Judge O'Farrell and Superior Court**[4]

Plaintiff seems to allege that Judge O'Farrell (and, apparently by extension, the Superior Court) violated her civil rights by adjudicating the underlying state action to quiet title. Plaintiff has never served these defendants and the time for service has run. *See* FED.R.CIV.P. 4(m). In any event, a state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983); *see also Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (holding that a judge is absolutely immune from liability for judicial acts); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (ruling on a motion and exercising control over a courtroom are normal judicial functions for which a judge is absolute immune). Moreover, section 1983 contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity. *See Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004) (citing 42 U.S.C. § 1983)).

Judicial immunity generally is overcome only in two sets of circumstances. First, a judge is not immune from liability for actions not taken in the judge's judicial capacity. That is clearly not the case here. The second is when the judge acts in the clear absence of all jurisdiction. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57 (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)); *Sadoski v. Mosley*, 435 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake alone is not sufficient to deprive a judge of absolute immunity). As long as the judge has jurisdiction to perform the "general act" in question, he is immune however erroneous the act may have been, however injurious the consequences of the act may have been, and irrespective of the judge's claimed motivation. *See Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000).

---

[4] This court finds *sua sponte* dismissal of the claims against these defendants appropriate. *See Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citing *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . .Such a dismissal may be made without notice where the claimant cannot possibly win relief.")

6

Judge O'Farrell is entitled to judicial immunity because his alleged acts were judicial in nature and were not done in the clear absence of all jurisdiction. Indeed, all the acts about which plaintiff complains fall squarely within his duties as a judicial officer – that is, granting default judgment, denying requests to intervene, and granting summary judgment. He is therefore not a proper defendant, and this is not something which may be cured by any further amendment of the pleadings. Accordingly, the FAC is dismissed WITHOUT leave to amend as to Judge O'Farrell. The FAC is also dismissed WITHOUT leave to amend as to the Superior Court insofar as the allegations against it appear to be based entirely on the alleged conduct of Judge O'Farrell.

### b.  Other Defendants

Plaintiff's section 1983 claim against the other defendants also fails. The FAC indicates that all of the other named defendants are private individuals or entities (attorneys, brokers, trustees and the like) who were somehow involved in the underlying action to quiet title. It is not apparent that any of these defendants acted under color of state law.

A private individual or entity does not act under color of state law, an essential element of a § 1983 action. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974), *cert. denied*, 421 U.S. 949 (1975). Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals or entities. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

Similarly, attorneys in private practice are not state actors. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). Services performed by a private attorney in connection with a lawsuit do not constitute action under color of state law and, consequently, cannot be challenged in a § 1983 lawsuit. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("private parties are not generally acting under color of state law, and we have stated that conclusionary allegations unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act."); *Briley v. California*, 564 F.2d 849, 855 (9th Cir.

1977) ("We have repeatedly held that a privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act.").

A plaintiff seeking to hold private individuals or entities liable under section 1983 must allege facts showing that "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295-96 (2001) (internal quotation marks omitted). Here, the FAC contains no facts suggesting that any of the private individuals or corporate defendants were or could be considered state actors.

Although it is highly doubtful that plaintiff will be able to state a section 1983 claim as to these defendants, it is also not certain that granting an opportunity to amend her pleading will be futile. Accordingly, plaintiff's claim under 42 U.S.C. § 1983 is DISMISSED WITH LEAVE TO AMEND. However, plaintiff is advised that conclusory allegations will not satisfy this requirement and are insufficient to survive a challenge at the pleading stage. *See Price*, 939 F.2d at 707-08 ( "we have stated that conclusionary allegations unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act."). Instead, "the facts that are pleaded must provide a basis for reasonable inference of state action, for the Court is not obliged to draw unreasonable inferences in plaintiff's favor or to accept plaintiff's conclusions of law." *Rivoli v. Gannett Co.*, 327 F. Supp.2d 233, 239 (W.D.N.Y. 2004) (citing *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003)). Additionally, as noted above, plaintiff has merely listed her claims in the caption of the FAC and ascribes conduct to defendants collectively. This is not sufficient. Plaintiff must set out each claim separately, supported by facts showing that she is entitled to relief as to each defendant.

### 3.     42 U.S.C. Section 1985

Because the FAC does not state a claim under section 1983 claim for civil rights violation(s), there is no basis for her conspiracy claim. Accordingly, this claim is also DISMISSED WITH LEAVE TO AMEND.

8

**4.     11 U.S.C. § 362**

Plaintiff alleges that, by litigating the state court action to summary judgment in Nguyen's favor, defendants violated the automatic stay under 11 U.S.C. § 362 that was triggered when Corson filed for bankruptcy. Her claim appears to be premised upon the belief that, because she is an alleged co-owner of the subject property, she properly may attack the alleged violation of the automatic stay. It is not at all clear that plaintiff is an owner of the property at issue. For the purposes of resolving this motion, however, the court assumes that she can legitimately claim that status and further assumes that the subject property was identified by Corson as part of the estate. Even so, the court finds that she does not have standing to challenge the alleged violation of the stay.

Section 362 provides, in relevant part, that:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title . . . operates as a stay, applicable to all entities of –

    (1) the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

* * * *

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate.

11 U.S.C. § 362(a)(1), (3), (4).

Defendants argue that this claim must be dismissed because Corson was not a party to the underlying action to quiet title and section 362(a)(1) applies only to actions against the debtor. As noted above, however, section 362(a) imposes an automatic stay as to an array of acts with respect to property of the estate. 11 U.S.C. § 362(a)(3), (4). Nevertheless, in the Ninth Circuit, section 362 has been held to apply only to the benefit of the debtor estate. Owners (other than the debtor) of the property at issue in a bankruptcy action do not have standing to assert violation of the automatic stay under 11 U.S.C. § 362. *See In re Globe Investment & Loan Co., Inc.*, 867 F.2d 556, 559-60 (9th Cir. 1989) (holding that co-owners of

the subject property lacked standing to assert a violation of the automatic stay under 11 U.S.C. § 362); *see also In re Brooks*, 79 B.R. 479, 481 (Bankr. 9th Cir. 1987) ("if the debtor or the trustee chooses not to invoke the protections of § 362, no other party may attack any acts in violation of the automatic stay"); *In re Stivers*, 31 B.R. 735 (Bankr. N.D. Cal. 1983) ("I conclude that the automatic stay operates in favor of debtors and estates (represented by trustees and debtors-in-possession) only and that it gives junior lienholders and other parties interested in the property no substantive or procedural rights"); *Burcena v. Bank One*, No. CV-06-00422, 2007 WL 2915621 at *5 (D. Hawaii, Oct. 1, 2007) (holding that non-debtor co-owners of the subject real property lacked standing to challenge the annulment of the automatic stay under 11 U.S.C. § 362).

In the instant action, there is no indication that plaintiff filed or joined in Corson's bankruptcy petition. To the contrary, the record presented shows that the petition was filed only by Corson.[5] Plaintiff may not properly attack acts allegedly in violation of the automatic stay triggered by that petition. Because summary judgment in the quiet title action was granted long before plaintiff filed her own petition for bankruptcy, the entry of that judgment did not violate the automatic stay imposed by her filing. The court finds that plaintiff has not and cannot state a claim pursuant to 11 U.S.C. § 362, and that it would be futile to permit an amendment for that purpose. Accordingly, this claim is dismissed WITHOUT leave to amend.

### 5.  Plaintiff's State Law Claims

The remainder of plaintiff's claims are based entirely on state law. "Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice." *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996). In view of its disposition of the section 1983 claim, the only apparent basis for federal jurisdiction, this court will defer a decision as to the propriety of her state law claims until such time as she files a viable federal claim.

---

[5] The record indicates that the bankruptcy court dismissed Corson's bankruptcy petition several months after it was filed due to the failure to file a credit counseling certificate with the voluntary petition for bankruptcy. (Mot., Ex. 10). Corson subsequently filed another petition for bankruptcy that was dismissed in June 2007; and, Corson was barred from filing any bankruptcy case for a period of three years. (Mot., Ex. 11).

10

**C.     Plaintiff's Failure to Prosecute**

As noted above, plaintiff's original complaint was filed on August 14, 2007 and her FAC was filed on November 13, 2007. A plaintiff must effect service of the complaint and summons within 120 days from the filing of the complaint. FED.R.CIV.P. 4(m). Generally, the 120-day period runs from the filing date of the original complaint, not the amended complaint. *See Finch v. George*, 763 F. Supp. 967 (N.D. Ill. 1991).

By the November 20, 2007 initial case management conference, plaintiff still had not served any defendant.[6] Additionally, she did not confer with the appearing defendants on the preparation of a joint statement, did not file a separate statement of her own, and did not review defendants' statement in preparation for the conference. Her only explanation for these failures was that she is not an attorney and that, while she lives at her address of record and receives mail there, she does not read or check her mail everyday.

At the conference, this court advised plaintiff that she is responsible for properly effecting service and otherwise managing her case. The court also stated that, although plaintiff is not an attorney, she is nonetheless obliged to follow rules that all litigants must obey – namely, the Federal Rules of Civil Procedure, the court's Civil Local Rules and this court's standing orders. Further, the court suggested that plaintiff obtain a copy of the court's handbook for pro se litigants from the Clerk's Office or from the court's website. The court warned plaintiff that if she failed to follow these rules and the court's orders, she might be in danger of having her case dismissed. Plaintiff was admonished to serve her FAC promptly in view of the deadline for service. Because the appearing defendants indicated that they would move to dismiss the FAC, the court advised plaintiff that, if she opposed such a motion, she was responsible for filing timely opposition papers with the court.

To date, there is no indication that plaintiff has made any effort to effect service on any defendant. She did not respond to defendants' motion to dismiss and failed to appear at the motion hearing.

---

[6] Those defendants who have appeared did so voluntarily after learning of the existence of the suit, apparently through routine monitoring of court filings.

11

Plaintiff is reminded that, although she is representing herself, she remains responsible for diligently prosecuting her case and for adhering to rules that all litigants are required to follow. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (finding that pro per litigants must follow the same procedural rules as represented parties). While the court generally prefers to resolve matters on the merits, it takes a dim view of the repeated failure to comply with its rules and orders. Moreover, fairness dictates that there be reasonable limits to the number of procedural failings that can be countenanced by the court. Based on her performance to date, plaintiff is advised that she is in danger of having her lawsuit dismissed for her lack of attention to it.

### III. ORDER

For the foregoing reasons, IT IS ORDERED THAT:

1. Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) is denied.

2. Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is granted as follows:

   a. The motion is granted WITHOUT leave to amend as to Judge O'Farrell and the Superior Court.

   b. The motion is granted WITHOUT leave to amend as to plaintiff's claim under 11 U.S.C. § 362.

   c. The motion is granted WITH leave to amend as to the claims under 42 U.S.C. § 1983 and § 1985.

   d. The court defers a decision as to plaintiff's state law claims.

3. Plaintiff has until **May 9, 2008** in which to file her amended complaint. The amended complaint shall be titled "Second Amended Complaint." Plaintiff must set out each claim separately, supported by facts showing that she is entitled to relief. Plaintiff remains responsible for effecting service of her amended pleading and shall have 30 days from the filing of her amended complaint in which to do so. **Plaintiff is advised that the failure to file her amended complaint by the May 9, 2008 deadline and to timely effect service upon**

1 **defendants will be considered additional grounds for dismissal of this action for failure to**
2 **prosecute**.
3     4.    The case management conference set for April 29, 2008 is **continued to July 8,**
4 **2008, 1:30 p.m.**

5 Dated:  April 10, 2008

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:07-cv-4174 Notice electronically mailed to**:

Citimortgage, Inc. jlowenthal@steyerlaw.com

Jessica Carolyn Grannis jgrannis@steyerlaw.com

Edward Egan Smith esmith@steyerlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**5:07-cv-4174 Notice mailed to:**

Christina Sanchez
834 Tumbleweed Drive
Salinas, CA 93905

    Pro Se Plaintiff