**\*E-FILED 7/17/2009\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA SANCHEZ,<br><br>  Plaintiff,<br><br>   v.<br><br>SUZETTE Z. TORRES, FIRST AMERICAN TITLE, JANE E. BEDNAR, NAM NGUYEN, HOMECOMINGS FINANCIAL NETWORK, CITIMORTGAGE, INC., JEFFERY H. LOWENTHAL, BRYAN M. KRAFT, ANGELO PAUL RUSSO, CITY OF SALINAS, ADAM M. GREELY, ANDY PHAM, MONTEREY COUNTY, EXECUTIVE TRUSTEE SERVICES, LOANCITY.COM, JOHN H. MITCHELL,<br><br>  Defendants.<br>_____/ | No. C07-04174 HRL<br><br>**ORDER (1) DENYING PLAINTIFF'S THIRD "MOTION TO RECONSIDER SET ASIDE DISMISSAL ORDER"; AND (2) DENYING PLAINTIFF'S THIRD MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>[Re: Docket Nos. 86, 87] |

   Before the court are two motions filed by pro se plaintiff Christina Sanchez: (1) a third motion for reconsideration of this court's December 18, 2008 dismissal order, as well as (2) a motion seeking a third extension of time to file an amended complaint. Defendants Suzette Z. Torres, First American Title Insurance Company, Nam Nguyen, Homecomings Financial Network, Inc., Citimortgage, Inc., Jeffrey H. Lowenthal, and Bryan M. Kreft (collectively, the "Nguyen defendants") oppose the motion to "set aside dismissal order" and request that the court impose sanctions on plaintiff. Defendant County of Monterey ("County") opposes

Sanchez's request for an extension of time. Pursuant to Civil Local Rule 7-3, briefing on these motions closed on July 7, 2009. Upon consideration of the moving and responding papers, this court finds that no further briefing or oral argument is necessary, and the hearing noticed for July 21, 2009 is vacated. See CIV. L.R. 7-1(b), 7-9(d). For the reasons stated below, both motions are denied.

## BACKGROUND

Sanchez, aka Sylvia Nicole, aka Van Kim Lai filed this action on August 14, 2007 and a First Amended Complaint (FAC) on November 13, 2007. The gravamen of her complaint was her unhappiness with an underlying state court action in which the Monterey County Superior Court in early 2007 granted summary judgment and quieted title to real property at 834 Tumbleweed Drive in Salinas, California in favor of purchaser Nam Nguyen and two of his mortgage lenders. Basically, Sanchez claimed that, although neither had been on title when Nguyen acquired the property, both she and her business partner, Andrew Corson, were preexisting equitable "owners."

In the meantime, by virtue of several documents plaintiff submitted to this court which were first filed by her in Bankruptcy Court, it appears that Sanchez (using the name Van Kim Lai) filed a Chapter 13 Petition in Bankruptcy on November 27, 2007. This petition was dismissed by the bankruptcy judge a few weeks later. Sanchez then filed a second Petition – also quickly dismissed – and then a third. (See Docket Nos. 14, 16, 21). The third case apparently was also dismissed.

The FAC was dismissed on April 10, 2008. Judge O'Farrell (the "quiet title" judge) and the Monterey County Superior Court were dismissed on the basis of judicial immunity. There clearly was no diversity jurisdiction; and, the court dismissed, without leave to amend, the 11 U.S.C. § 362 claim based on Corson's bankruptcy because his bankruptcy stay would not bar creditors from proceeding against Sanchez's property interests. Because the court could not conclude with certainty that there were no additional facts to be pled which might meet the essential components (a constitutional violation by a person acting under the color of state law)

under 42 U.S.C. §§ 1983 and 1985, the civil rights and conspiracy claims were dismissed with leave to amend.

Sanchez filed her Second Amended Complaint (SAC) on May 9, 2008, further muddying the "facts" by adding two additional properties into the mix. The SAC still provided no basis for diversity jurisdiction and abandoned any claim based on either 42 U.S.C. § 1983 or § 1985. It did not mention the bankruptcy automatic stay under 11 U.S.C. § 362. Nor did it cite any federal statute upon which a claim could be based. It contained eighteen "causes of action" – every one of which was based on state law.

On December 18, 2008, this court entered an order dismissing the SAC as to certain defendants, including the Nguyen defendants, without leave to amend. The court found that Sanchez (who, by that time, had several opportunities to allege facts which would support a federal claim for relief) could not construct a federal claim out of her factual allegations. Several other defendants were also dismissed because they apparently had never been served. As for the County, the sole remaining defendant, the SAC was hardly the model of clarity. But because this court could not say for certain that plaintiff would be unable to state a federal claim for relief against the County for alleged violation of one of her bankruptcy stay orders, the SAC was dismissed with leave to amend. Plaintiff was directed to file her amended complaint as to the County by January 19, 2009. The order further stated that "[i]f Sanchez has not filed it by that date, or secured an extension of time based on good cause, the court will dismiss as to Monterey without further notice." (Docket No. 52, December 18, 2008 Order at 11:24-25).

About a month later, Sanchez filed the first in a series of motions to set aside the December 18, 2008 order. The court construed the motion as one seeking leave to move for reconsideration. That motion was denied on January 29, 2009 because plaintiff failed to present any material facts or legal issues which would warrant the filing of a motion for reconsideration. See CIV. L.R.7-9(b). Sanchez contended that she was denied an opportunity to oppose the underlying motions to dismiss and asserted that she had, in fact, served defendants. It was not apparent that defendants were served (or served at all) as plaintiff claimed. Additionally, plaintiff had ample opportunity to oppose the underlying motions to dismiss.

3

1   Indeed, the motion hearings were continued to accommodate her.  Sanchez failed to timely file
2   her opposition papers, failed to appear for oral argument, and, late on the eve of the motion
3   hearing, faxed a letter to the Clerk's Office in which she indicated that she would likely not
4   appear for oral argument and requested that the court "consider my oppositions in writing in
5   place of my appearance." (Docket No. 50).  The court did just that in ruling on the motions to
6   dismiss.

7   As for her amended pleading, Sanchez did not file one.  Instead, when her amendment
8   was due, she filed a request seeking an unspecified additional period of time to do so.  She
9   asserted that she could not file her amended pleading by the court-ordered deadline because of
10  an alleged "medical condition" and because she did not "obtain legal advice in time." (See
11  Docket No. 55).  This court found no good cause for the requested extension, but nonetheless
12  exercised its discretion and gave Sanchez several additional weeks to file her amended pleading
13  as to the County.  In its order granting this extension of time, the court stated that no further
14  requests for an extension of this deadline would be entertained unless plaintiff submitted a
15  declaration under penalty of perjury from a physician licensed to practice in California that her
16  "medical condition" has, in fact, prevented her continuously since January 19, 2009 from
17  drafting and filing an amended pleading and stating the reason for her inability as well as the
18  date when she will be able. (Docket No. 59, January 29, 2009 Order).

19  The amendment deadline came and went.  No amended pleading was filed.  Some weeks
20  later, Sanchez appeared before this court during its regular civil law and motion calendar in the
21  mistaken belief that a motion hearing had been set in this case.  Claiming that she recently had
22  moved to a different address, plaintiff said that she did not receive this court's January 29, 2009
23  Orders at the 834 Tumbleweed Drive, Salinas, CA 93905 address of record.  The docket report
24  indicates that, on February 6, 2009, those orders were returned by the post office as
25  undeliverable. (Docket No. 60).  Sanchez was advised to review the court's orders in the
26  Clerk's Office.  She was also directed to promptly file a notice of change of address.

27  Sanchez did not file a notice of change of address.  She instead proceeded to file another
28  motion to set aside the December 18, 2008 dismissal order, as well as a second motion for

4

1    another extension of time to file an amended complaint. Curiously, both motions continued to
2    identify the address at 834 Tumbleweed Drive, Salinas, CA 93905 as her contact information.
3    (See Docket Nos. 61-64).

4    Her second motion for a "set aside" order was denied because Sanchez again failed to
5    present any material facts or legal issues which would warrant the filing of a motion for
6    reconsideration. In support of that motion, Sanchez submitted, nearly one year after the fact,
7    two proofs of service purporting to show that Loancity.com and one other (unidentified)
8    defendant had been served with the SAC. She also filed a one-page document titled "Patient
9    Visit Information" indicating she (under the name "Van K Lai") received treatment for a skin
10   abscess on March 1, 2009. The court found that her proffered medical excuse did not
11   sufficiently explain the long delay in filing the above-referenced proofs of service. More to the
12   point, the belatedly filed proofs of service would not have changed this court's decision that
13   Sanchez cannot construct a federal claim out of her allegations. (See Docket No. 77, May 14,
14   2009 Order). Sanchez was, however, given one final extension of time (to May 25, 2009) to file
15   an amended complaint. This final extension was granted solely because the court's records
16   indicated that its prior January 2009 orders had been returned as undeliverable. (See Docket
17   No. 78, May 14, 2009 Order). Additionally, Sanchez was warned that the failure to (a) timely
18   file an amended pleading or (b) keep the court and opposing parties of her current contact
19   information would be grounds for dismissal. (Id.). Because plaintiff had provided no other
20   contact information, this court's May 14, 2009 orders were mailed to her at 834 Tumbleweed
21   Drive, Salinas, CA 93905.

22   The next day, on May 15, 2009, Sanchez filed several additional documents purporting
23   to show that several defendants (some of them unspecified) were served with the SAC. Then on
24   May 20, 2009, Sanchez filed additional declarations in support of her second round of motions
25   for reconsideration and for an extension of time – even though briefing had already long since
26   closed and orders denying those motions had issued. (These May 15, 2009 and May 20, 2009
27   filings are discussed more fully below.)

28

5

Once again, the amendment deadline lapsed, and no amended complaint was filed.[1] Instead, on June 6, 2009, Sanchez filed the instant motions seeking, for the third time, an order setting aside the December 18, 2008 dismissal order, as well as another extension of time to file an amended complaint. She argues that her motions must be granted for several reasons – none of which are persuasive.

## DISCUSSION

A.   Plaintiff's "Motion to Reconsider Set Aside Order"

Before filing a motion for reconsideration, a party must first obtain leave of court. CIV. L. R. 7-9(a). The moving party must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

CIV. L. R. 7-9(b).

Sanchez contends that reconsideration is warranted as to this court's December 18, 2008 dismissal order (and, by extension, this court's January 29, 2009 and May 14, 2009 orders denying her prior motions for reconsideration) because she reportedly has (a) served certain defendants, (b) obtained a default judgment against defendant Nguyen in a separate state court action; and (c) been informed that several individuals perjured themselves in the state court quiet title action. Sanchez claims that her second motion for reconsideration was either unfairly or prematurely denied "due to the misfiling of [her May 15, 2009 proofs of service] in this case

---

[1]   Because May 25, 2009 was a court holiday, Sanchez would have had until May 26, 2009 to file her amended pleading. FED. R. CIV. P. 6(a)(3).

6

by the court clerk."[2] She also suggests that she was not able to bring these additional proofs of service to the court's attention sooner because she had leg surgery on February 28, 2009.

Nothing in plaintiff's instant motion presents grounds warranting reconsideration of this court's prior orders of December 18, 2008, January 29, 2009 and May 14, 2009. The boilerplate physician declaration Sanchez filed on May 20, 2009 provides no bona fides as to who the affiant is and does not sufficiently deal with the concerns the court said needed to be addressed. Nor does it explain the more than one-year delay in filing the above-referenced proofs of service. In essence, the declaration states, "Ms. Van Kim Lai is under my care. She has been ill and unable to work since 1/15/09." (See Docket No. 80, Ex. A). But despite her many protestations that she has been unable to file an amended pleading, Sanchez has managed, in the six or so months since her amended complaint originally was due, to file no less than six motions seeking reconsideration of prior orders and several extensions of time.

More importantly, as stated in this court's May 14, 2009 order, the essence of the December 18, 2008 dismissal order was that Sanchez failed to allege any facts which would support a federal claim for relief, despite having had several opportunities to do so. Her additional proofs of service, belatedly filed on May 15, 2009, would not have changed that conclusion. Accordingly, plaintiff's motion is denied. Although the court finds no basis for plaintiff's motion, the Nguyen defendants' request for sanctions is also denied.

B.   Plaintiff's Motion for a Third Extension of Time

In support of her motion for a further unspecified additional period of time to file an amended complaint, Sanchez repeats many of the arguments made in connection with her third motion for reconsideration. For the same reasons stated above, those arguments fail to convince.

Sanchez also advances one additional argument here: she now claims that she was unable to timely file her amended pleading by the May 25, 2009 deadline because she "did not know about [the May 14, 2009 orders] until May 26, 2009, when I looked up the court file."

---

[2] The brief delay in the docketing of Sanchez's May 15, 2009 filings was not due to any "misfiling" in the wrong case file. Rather, the original documents inadvertently were delivered together with chambers copies of those filings to the undersigned's chambers.

7

1  (Docket No. 86 at 1). As noted above, the May 14, 2009 orders were mailed to Sanchez at the
2  834 Tumbleweed Drive address because she chose to give that address as her contact
3  information, even though she claimed to have moved to a different location. Unlike this court's
4  January 29, 2009 orders, the May 14, 2009 orders were not returned as undeliverable.
5  Nevertheless, Sanchez says she did not receive them; and, she has, concurrently with the instant
6  motion, filed a "Notice of Change of Address," identifying her mailing address as 2350 Senter
7  Rd. #407, San Jose, CA 95112.

8  Sanchez's contact information has been a moving target. Indeed, she seems to take
9  refuge in that ambiguity, depending upon whether she believes it will be advantageous for her
10 to say that she did or did not receive certain papers. Moreover, as discussed in prior orders, the
11 fact remains that throughout these proceedings, Sanchez has consistently failed to (a) timely file
12 papers with the court, (b) meet court-ordered deadlines, and (c) make scheduled court
13 appearances. The fact that Sanchez is representing herself does not absolve her of the
14 responsibility to diligently prosecute her case and to adhere to rules that all litigants are required
15 to follow. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (finding that pro per litigants
16 must follow the same procedural rules as represented parties). Additionally, plaintiff has, on
17 more than one occasion, made representations to the court that were demonstrably false (see,
18 e.g., Docket No. 13, November 27, 2007 Order at 4; Docket No. 52, December 18, 2008 Order
19 at 9 n.5), such that this court now has little, if any, confidence in her credibility.

20 As discussed above, the SAC, on its face, contained claims based solely on state law.
21 Leave to amend as to the County was granted upon the slim possibility that she might be able to
22 state a federal claim for relief – and the court believed it to be a very thin reed, indeed. Sanchez
23 was, at her request, granted two extensions of time in which to file her amended complaint. She
24 failed to comply with those deadlines and has not established good cause for her failure to
25 comply with the court's May 14, 2009 order. At this point, and given plaintiff's conduct
26 throughout these proceedings, this court finds that she has had more than ample opportunity to
27 amend her complaint. She is now simply dragging her feet. This court finds no good cause for
28 yet another extension of time, and plaintiff's motion is denied.

## CONCLUSION

In summary, Sanchez's third motion to set aside the dismissal order as to certain defendants is denied. Her third request for an extension of time to file a Third Amended Complaint against the County of Monterey is also denied.

The Clerk of the Court shall enter judgment of dismissal and close the file.

SO ORDERED.

Dated:    July 17, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:07-cv-4174 Notice electronically mailed to:**

Edward Egan Smith esmith@steyerlaw.com, aroque@steyerlaw.com

Georgina Berenice Mendoza georgina@ci.salinas.ca.us, julian@ci.salinas.ca.us, susanm@ci.salinas.ca.us

Jessica Carolyn Grannis jgrannis@steyerlaw.com

Lucas Erskine Gilmore lgilmore@steyerlaw.com, aroque@steyerlaw.com, jcohoe@steyerlaw.com

Susan J. Matcham susanm@ci.salinas.ca.us, georgina@ci.salinas.ca.us, julian@ci.salinas.ca.us

William K. Rentz rentzb@co.monterey.ca.us, merillanac@co.monterey.ca.us

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**5:07-cv-4174 Notice mailed to:**

Christina Sanchez
2350 Senter Road #407
San Jose, CA 95112

Christina Sanchez
834 Tumbleweed Drive
Salinas, CA 93905

10